ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta
OCT 1 1 2017
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NAYAN PATEL | Criminal Information<br><br>No. 1:17-CR-334-SCJ-LTW |

THE UNITED STATES ATTORNEY CHARGES THAT:

Beginning in or about April 2010, and continuing through in or about June 2012, in the Northern District of Georgia, the defendant, NAYAN PATEL, did combine, conspire, confederate, agree and have a tacit understanding with Pruthvish Patel and Pankil Patel, and with others, to commit an offense against the laws of United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to deprive others of money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme, caused wire communications to be transmitted in interstate commerce.

Background

It is relevant to the conspiracy that:

1. The Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program, is a program administered by the United States Department of Agriculture (USDA) through the Food and Nutrition Service ("FNS"). The purpose of SNAP is to alleviate hunger and malnutrition among

low-income families by providing them with "food stamp" benefits. In Georgia, SNAP is administered by the Georgia Department of Humans Services ("DHS").

2. A retailer must apply with the USDA in order to participate in SNAP. The retailer must submit FNS Form 252, entitled "SNAP Application for Stores." This form requires a certification that the retailer understands SNAP rules and regulations. The retailer is also provided with a training packet that includes an instructional video. SNAP benefits may be used only to purchase eligible food items; they may not be used to purchase alcohol, tobacco, gasoline, and other non-food items, or to obtain cash.

3. SNAP benefits are provided to low-income recipients through Electronic Benefit Transfer (EBT) cards. An EBT card is a plastic card with a personal identification number (PIN) and magnetic stripe. An EBT card can be used like a debit card at point-of-sale ("POS") terminals. Change is never given because EBT card transactions are made for exact dollar amounts.

4. At the times relevant to this indictment, Georgia had a service contract with JP Morgan Chase (JP Morgan) Electronic Financial Services (EFS) to administer SNAP accounts. JP Morgan EFS, which was located in New York, processed EBT transactions for Georgia. JP Morgan EFS facilitated the electronic transfer of USDA funds to participating retailers for the SNAP benefits used by those retailers' customers. When a SNAP recipient used an EBT card for payment, this caused electronic signals to be transmitted in interstate commerce to a processing center outside of Georgia.

5. At the times relevant to this indictment, NKP, LLC, was a corporation registered in Georgia that operated a convenience store under the name Quick Stop, located at 1080 South Cobb Drive, in Marietta, Georgia, in the Northern District of Georgia. Pruthvish Patel and NAYAN PATEL were the members and owners of NKP, LLC. Pankil Patel was the manager of Quick Stop. Pruthvish Patel assisted Pankil Patel and other employees with supervisory and cashier duties at Quick Stop.

6. NKP, LLC, doing business as Quick Stop, was authorized by the USDA's FNS to participate as a retail store in SNAP. Pruthvish Patel acknowledged on FNS Form 252 that he was responsible for complying with the rules and regulations of SNAP, including the prohibition against exchanging cash for EBT benefits and accepting EBT benefits as payment for ineligible items such as alcohol, tobacco, gasoline, and personal care items.

7. NKP, LLC maintained a business bank account, ending in xx8241, at Wells Fargo bank in Marietta, Georgia. This account was designated to receive, and did receive, SNAP redemptions from USDA through JP Morgan EFS.

Overt Acts

In furtherance of the conspiracy and to accomplish its goals and purposes, Pruthvish Patel, NAYAN PATEL, and Pankil Patel (the "Conspirators"), committed various overt acts within the Northern District of Georgia, and elsewhere, including but not limited to the following:

8. Pruthvish Patel and Pankil Patel trained and instructed Quick Stop cashiers to allow Quick Stop customers to exchange SNAP benefits for cash, and they

instructed the cashiers to charge these customers an additional fee or commission for this unlawful service.

9. Pruthvish Patel and Pankil Patel trained and instructed Quick Stop cashiers to allow Quick Stop customers to use SNAP benefits to purchase ineligible items, such as alcohol, tobacco, gasoline, and personal care items, and they instructed the cashiers to charge these customers an additional fee or commission for this unlawful service.

10. Pruthvish Patel and Pankil Patel also worked as cashiers at Quick Stop and personally allowed Quick Stop customers to use SNAP benefits to unlawfully purchase ineligible items and to unlawfully exchange SNAP benefits for cash.

11. The Conspirators caused unlawful SNAP transactions to be submitted for redemption to USDA, through its clearinghouse, JPMorgan EFS. Pruthvish Patel falsely and fraudulently represented that such transactions were conducted and processed in accordance with the law and applicable regulations.

12. The Conspirators caused USDA, through its clearinghouse, JPMorgan EFS, to fund fraudulent EBT redemptions to NKP, LLC, doing business as Quick Stop.

13. The Conspirators did thus knowingly possess SNAP benefits in a manner contrary to law and applicable regulations.

All in violation of Title 18, United States Code, Section 371.

Forfeiture Provision

Upon conviction of the offenses alleged in this Criminal Information, the defendant, NAYAN PATEL, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any proceeds from the commission of the offenses, including, but not limited to, the following:

   a. $4,598.00 in United States currency seized from the Quick Stop Convenience Store, 1080 South Cobb Drive, Marietta, Georgia.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

BYUNG J. PAK
 *United States Attorney*

/s/ JOHN S. GHOSE
 *Assistant United States Attorney*
Georgia Bar No. 446568

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181